UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED STATES OF AMERICA,  :
:  **SUMMARY ORDER**
     -against-  :  10-CR-319 (DLI) (JMA)
:
TYRONE CARTHEN,  :
:
               Defendant.  :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

This matter is before the court upon the Report and Recommendation ("R&R") of U.S. Magistrate Judge Joan M. Azrack, wherein she recommended that the court revoke defendant Tyrone Carthen's supervised release. Defendant timely objected.[1] For the reasons that follow, the R&R is adopted, and defendant's supervised release is revoked. Sentencing is hereby scheduled for November 5, 2010 at 11:00 a.m. Parties shall simultaneously file sentencing submissions on or before November 1, 2010.

**DISCUSSION**

The government charges defendant with two violations of supervised release for, among other things, conduct constituting assault, attempted assault, misdemeanor assault, aggravated harassment, harassment, menacing and reckless endangerment. On June 7, 2010, the Magistrate Judge held a violation of supervised release hearing pursuant to an Order of Referral. Senior U.S. Probation Officer Darcy A. Zavatsky was the only witness to testify at the hearing. Zavatsky testified based on statements made to her by the victim Marquita Cox ("Marquita"), Marquita's mother Nancy Cox ("Nancy"), and Marquita's close friend Takima Booker

---

[1] Pursuant to 28 U.S.C. § 636(b)(1) and Rule 59(b)(3) of the Federal Rules of Criminal Procedure, this court must make a *de novo* determination of those portions of the R&R to which objections have been made.

1

("Takima"). The Magistrate Judge relied upon this testimony, which she found credible, in finding that the government had proven, by a preponderance of the evidence, that defendant violated the terms of his supervised release by engaging in conduct that constituted federal or state crimes. Defendant objected, arguing that: (1) the Magistrate Judge relied on inadmissible hearsay without good cause; and (2) the government failed to establish the violations by a preponderance of the evidence.

Rule 32.1(b)(2)(C) of the Federal Rules of Criminal Procedure instructs that a defendant facing supervised release revocation "is entitled to . . . an opportunity to . . . question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." If proffered hearsay does not fall within an established exception, a court has to identify "good cause" to deny the defendant the opportunity to confront the declarant. *See U.S. v. Williams*, 443 F.3d 35, 45 (2d Cir. 2006). Such a determination requires the court to "balance, on the one hand, the defendant's interest in confronting the declarant, against, on the other hand, the government's reasons for not producing the witness and the reliability of the proffered hearsay." *Id.*

Mr. Carthen clearly had a strong interest in confronting Marquita Cox. However, the government did not call Marquita because she indicated several times that she would not testify on the government's behalf, and that she would rather go to jail than do so. (Tr 11-12.) Regarding reliability, immediately before the hearing began, Marquita indicated to Zavatsky that she may have exaggerated certain details of the allegations. However, Marquita also reiterated that Carthen had "choked her and punched her and hit her" and that she believed that she should have just "taken the ass whipping and not reported what happened." (Tr. 26, 30.) Moreover, Zavatsky observed a scar on Marquita's right hand that was consistent with Marquita's allegation

that defendant grazed her with scissors during an altercation (Tr. 13), which, when considered together with Marquita's sworn statements made in the Family Offense Petition, the NYPD domestic incident report and the statements made by Nancy Cox and Takima Booker, strongly establishes the reliability of Marquita's statements to Zavatsky. In short, the statements were properly admitted. Concerning the statements made by Nancy Cox and Takima Booker, given the secondary nature of the witnesses' testimony, the reasons provided by the government for not calling the witnesses, and the reliability of the statements when the evidence is considered as a whole, the statements were properly admitted. In sum, the government proved charges one and two by a preponderance of the evidence and thus established that Mr. Carthen had violated the terms of his supervised release. Accordingly, the R&R is adopted, and Carthen's supervised release is revoked.

## CONCLUSION

For the reasons set forth above, the R&R is adopted, and defendant's supervised release is revoked. Sentencing is hereby scheduled for November 5, 2010 at 11:00 A.M. Parties shall simultaneously file any sentencing submissions on or before November 1, 2010.

SO ORDERED.

DATED: Brooklyn, New York
October 25, 2010

                                                                               /s/
                                                    DORA L. IRIZARRY
                                           United States District Judge